# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OPUS BANK,** | : | CIVIL ACTION NO. 1:18-CV-833 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ARAMIS INTERACTIVE, LLC,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 21st day of March, 2019, upon consideration of the motion (Doc. 18) for summary judgment filed by plaintiff Opus Bank ("Opus") on its claim for breach of contract against defendant Aramis Interactive, LLC ("Aramis"), wherein Opus contends that the material facts undergirding its breach of contract claim are undisputed—*viz.*, that Opus acquired a security interest in certain assets of Lifescript, Inc. ("Lifescript"), including all of Lifescript's then-existing and later-arising accounts receivable; that Lifescript invoiced $133,996.80 to Aramis for goods and services that were requested by, delivered to, and accepted by Aramis between October 1, 2017, and December 30, 2017; that Aramis and Lifescript executed a non-offset letter prior to these transactions; and that Aramis has not yet paid the sum invoiced due to its belief, notwithstanding the offset letter, that certain offsets apply to the amount alleged to be due—and wherein Opus argues that summary judgment in its favor in the amount of $133,996.80, plus interest, is appropriate, and further upon consideration of Aramis's brief in opposition and responsive statement of facts, wherein Aramis concedes that the facts as articulated by Opus are largely

undisputed, (Doc. 25 at 3-5, 9; Doc. 26 ¶¶ 1-12), but maintains that its affirmative defenses, including, *inter alia*, misrepresentation, fraudulent inducement, lack of consideration, and failure of consideration, preclude summary judgment, (see Doc. 25 at 10-16; Doc. 26 ¶¶ 6, 7, 9-12), and further maintains that entry of summary judgment in Opus's favor would be premature given that the parties have not completed (and, at least at the time of the motion's filing, had not even begun) discovery, (Doc. 25 at 16), and the court observing that we may grant a summary judgment motion when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(a), but that, when a nonmovant shows by affidavit or declaration that, due to the lack of discovery, "it cannot present facts essential to justify its position," a court may, *inter alia*, "defer considering the motion or deny it," FED. R. CIV. P. 56(d)(1), and further observing that "a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery,'" Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988)), and, indeed, that "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law," Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (citing Doe, 480 F.3d at 257), and it appearing that the instant summary judgment motion was filed just two months after the pleadings closed, and without the benefit of any discovery, and that Aramis seeks to conduct discovery on matters ostensibly material to its affirmative defenses, and

the court thus concluding that the best and most appropriate course is to deny the instant motion for summary judgment without prejudice to Opus's right to refile said motion following the close of discovery, it is hereby ORDERED that:

1. Opus's motion (Doc. 18) for summary judgment is DENIED without prejudice to Opus's right to refile same following the close of discovery.

2. The court will issue a separate case management order to set forth an appropriate pretrial schedule.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania